UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
and GEICO GENERAL INSURANCE
COMPANY,

    Plaintiffs,

v.                                                       CASE NO. 8:18-cv-856-T-26JSS

AUTO GLASS AMERICA, LLC,

    Defendant.
_____/

**O R D E R**

**BEFORE THE COURT** is Defendant's Motion to Dismiss with Prejudice (Dkt. 6), Plaintiffs' Memorandum in Opposition (Dkt. 14), and Defendant's court-ordered Reply (Dkt. 16). After careful consideration of the submissions of the parties, the allegations of the complaint (Dkt. 1), and the applicable law, the Court concludes the motion is due to be granted, but without prejudice to Plaintiffs filing an amended complaint.

The complaint alleges one count for declaratory relief and one count for violations of Florida's Deceptive and Unfair Trade Practices Act., sections 501.201-501.213 of the Florida Statutes (the FDUTPA). The allegations of the complaint, which this Court must accept as true at this early juncture of the proceedings, state that Defendant induced GEICO's insureds to authorize windshield repairs and replacements and took assignments

from the insureds. Defendant allegedly promises the insureds that they will owe nothing, and then bills GEICO for an amount greater than that authorized by GEICO on its work order. Defendant then seeks to collect from GEICO the amount in excess of the authorized work order provided from GEICO, which is the highest sum GEICO is willing to pay.[1] GEICO's position is that the limit of liability provision in its policy gives GEICO the absolute right to determine the amount for the windshield repair and replace claim. Although not alleged in the complaint, GEICO contends that the policy term "prevailing competitive price" sets the price as the agreement between GEICO and a vendor such as Defendant Auto Glass America.[2]

Defendant seeks dismissal under both Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim for relief. Original jurisdiction in this case is based on diversity of citizenship. The

---

[1] Paragraph 2 of the complaint alleges in pertinent part:
GEICO therefore seeks declaratory relief to determine the respective rights of the parties, in particular to establish that GEICO's payment of the amounts as specified in its work orders to Defendant fully satisfies any payment obligation of GEICO and its insureds to Defendant under Florida law.

[2] State circuit courts sitting in their appellate capacity in Florida have reached conflicting results, with some finding that the "prevailing competitive price" is a question of fact and others finding to the contrary. See, e.g., GEICO v. Superior Auto Glass of Tampa Bay, Inc., a/a/o Matthew Dick, Nos. 16-CA-5106, 7959, 7963, 7041, and 8940 (Fla. 13th Cir.Ct. Mar. 27, 2018) (appellate capacity) (finding question of fact), at docket 14-3; Superior Auto Glass of Tampa Bay, Inc. v. GEICO, No. 2014-AP-7-WS (Fla. 6th Cir. Ct. Nov. 30, 2015) (appellate capacity) (finding policy term unambiguous and therefore no question of fact), at docket 14-1.

GEICO Plaintiffs are citizens of Maryland, and Defendant is a citizen of either Florida or Arizona.[3] The citizenship of the insureds is unknown, but presumed by Plaintiffs to be Florida citizens. Because the complaint does not allege the citizenship of the insureds, Defendant argues that is a fatal jurisdictional flaw.

The Court finds that the complaint alleges a partial subrogation claim and therefore requires the citizenship of the insureds to be alleged or the cause of action repleaded. Subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1287 (11th Cir. 2007) (citation omitted). The subrogee stands in the shoes of the subrogor and is entitled to all of the rights of its subrogor. See Progressive Am. Ins. Co. v. United States, 913 F.Supp.2d 1318, 1322 (M.D. Fla. 2012) (citing to Allstate Ins. Co. v. Metropolitan Dade Cnty., 436 So.2d 976, 978 (Fla.Dist.Ct.App. 1983)) (quotation marks omitted). In this case, the subrogee is GEICO, who allegedly stands in the place of the insureds, because it has paid, but only partially, the claim of the insureds. GEICO specifically alleges that under the subrogation provision of the policy, it has the right to "recover all amounts previously

---

[3] See docket 1, ¶¶ 3-4, and docket 14, page 2 (Defendant is a limited liability company whose sole member is "Charles Isaly, who is a citizen of Arizona. Auto Glass America is therefore a citizen of Arizona.").

paid to Defendant."[4] The subrogor would be the insureds, who allegedly are obligated to pay the difference between the amount of GEICO's work order and the greater amount charged by Defendant.

In looking at diversity jurisdiction, total subrogation focuses on only the subrogee's citizenship, whereas partial subrogation "forces a look at both subrogee and subrogor." Pepsiso Do Brazil, LTDA v. Oxy-Dry Corp., 534 F.Supp.2d 846, 848 (N.D. Ill. 2008) (citing United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-81, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949)). Although GEICO argues that it does not allege GEICO's insureds have the right to seek damages from Defendant based on GEICO's payments to Defendant, the complaint proves otherwise. GEICO seeks a declaration as to "[w]hether GEICO *or GEICO's insureds* have any contractual obligation to pay Defendant any amounts in addition to the amounts already paid by GEICO consistent with its work orders."[5] The allegations continue: "[w]hether Defendant is precluded from recovering through equity any amount from GEICO *or GEICO's insureds* greater than the amount that GEICO paid;" "[w]hether Defendant is precluded in equity from claiming any additional amounts due from GEICO *or GEICO's insureds*;" and "[w]hether Defendant's violations of [FDUTPA] precludes or limits Defendant from seeking additional payment from GEICO *or GEICO's insureds*."[6] These allegations squarely fall within the scenario

---

[4] See docket 1, ¶¶ 50-51.

[5] See docket 1, ¶ 60(b) (emphasis added).

[6] See docket 1, ¶¶ 60(c-e) (emphasis added).

of partial subrogation, because GEICO claims either it *or its insureds* may be responsible for the full loss sought by Defendant and because GEICO has paid only part of the loss. Consequently, the citizenship of the insureds must be established for diversity jurisdiction to exist before this Court may proceed to the merits.  See Travaglio v. American Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013) (reiterating that (1) a plaintiff filing suit in federal court must allege facts establishing jurisdiction; (2) when a suit is based on diversity those allegations must include the citizenship of each party so the court is satisfied that no plaintiff is a citizen of the same state as any defendant, and (3) without allegations establishing complete diversity, a district court has a constitutional obligation to dismiss the action if plaintiff does not cure the deficiency) (citations omitted).

Having reached this conclusion, it is unnecessary to address the remaining arguments regarding the amount in controversy and abstention.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint (Dkt. 6) is granted without prejudice.  Plaintiffs shall file an amended complaint within fourteen (14) days consistent with this order.

**DONE AND ORDERED** at Tampa, Florida, on June 12, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record